# EXHIBIT B

**Exhibit B**
**(Settlement and Distribution Order)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------X

In re:                                                    Chapter 11

KB TOYS, INC.                                   Case No.: 08-13269 (KJC)
a Delaware corporation, et al.,

                                                              Jointly Administered
                        Debtors.

-------------------------------------------------------------X

**ORDER GRANTING JOINT MOTION OF THE DEBTORS AND THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 105(a),
305(a), 349 AND 1112(b) OF THE BANKRUPTCY CODE AND RULE 9019 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE, FOR ENTRY OF AN ORDER
(A) APPROVING A STIPULATION BETWEEN THE DEBTORS, THE COMMITTEE
AND THE PRENTICE ENTITIES, (B) APPROVING PROCEDURES FOR (I) THE
DISTRIBUTION OF CERTAIN FUNDS TO HOLDERS OF ALLOWED
ADMINISTRATIVE CLAIMS AND (II) THE DISMISSAL OF THE DEBTORS'
CHAPTER 11 CASES, AND (C) GRANTING CERTAIN RELATED RELIEF**

Upon the motion of KB Toys, Inc. and its affiliated debtors and debtors-in-possession in

the above-captioned chapter 11 cases (collectively, the "Debtors") and the Official Committee of

Unsecured Creditors (the "Committee"), pursuant to sections 105(a), 305(a), 349 and 1112(b) of

the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure, for the entry

of an order (a) authorizing the Debtors to enter into a stipulation with the Committee and the

Prentice Entities, (b) approving procedures for (i) the reconciliation resolution and allowance of

December 2008 Stub Rent Claims and 503(b)(9) Claims and the making of distributions to the

holders of such allowed claims and (ii) the dismissal of the Debtors' Chapter 11 cases; and (c)

granting certain related relief, dated November __, 2009 (the "Joint Motion")1 (Docket No. __);

---

1        Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Joint Motion.

and this Court having reviewed the Joint Motion and having conducted a hearing on the Joint Motion, at which time the Debtors, the Committee and all parties-in-interest were given an opportunity to be heard; and it appearing that notice of the Joint Motion have been given to (a) the Office of the United States Trustee for the District of Delaware, (b) counsel to the Prepetition Lenders, (c) all creditors of the Debtors with timely filed or scheduled claims, and (d) parties that have requested service of papers pursuant to Bankruptcy Rule 2002; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (b) notice of the Joint Motion and the opportunity for a hearing thereon were adequate and sufficient under the particular circumstances and no other or further notice need be given, (c) the legal and factual bases set forth in the Joint Motion constitute just cause for the relief granted herein, and (d) the relief requested in the Joint Motion is in the best interests of the Debtors' estates and creditors; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED, ADJUDGED AND DECREED THAT:

1. The Joint Motion is hereby GRANTED as set forth herein.

2. The Settlement Stipulation is hereby APPROVED. The failure to specifically include any particular provision of the Settlement Stipulation in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court to approve the Settlement Stipulation in its entirety.

3. The Debtors and Committee are authorized to take all action and execute all documents that are reasonable required to implement and effectuate the terms of the Settlement Stipulation.

4. The Distribution and Dismissal Procedures are hereby APPROVED.

5. The Escrow Agent is authorized and directed to distribute the funds in the WTC Escrow Account pursuant to the Settlement Stipulation.

6. The Debtors are hereby authorized and directed to transfer $650,000 out of the 503(b)(9) Reserve and deposit those funds into the December 2008 Stub Rent Reserve for distribution to holders of Allowed December 2008 Stub Rent Claims pursuant to the terms of this Order.

7. The Debtors are authorized to distribute the funds held in the 503(b)(9) Reserve and the December 2008 Stub Rent Reserve pursuant to the terms of this Order.

8. The Debtors shall identify the Allowed 503(b)(9) Claims and the Allowed December 2008 Stub Rent Claims pursuant to the following claims resolution process (the "Claims Resolution Process"):

    (a). Within fifteen days after entry of this Order, the Debtors shall serve the Potential Claimants with a Proposed Allowed Claim Notice, substantially in the form annexed hereto as Exhibit A.

    (b). The Proposed Distribution and Dismissal Notice shall:

- provide general case information, including the estimated amount of the anticipated distributions;

- include a separate schedule that will provide the Potential Claimant's claim information, including amount of the 503(b)(9) Claim or administrative claim for December 2008 Stub Rent as asserted by the Potential Claimant in its claim and the Debtors' proposed allowed amount of such Potential Claimant's 503(b)(9) Claim or December 2008 Stub Rent Claim to share in the pro rata distribution from the 503(b)(9) Reserve or December 2008 Stub Rent Reserve, respectively, together with a brief explanation for any variance from the amounts asserted by such Potential Claimants, and

- give instructions for filing an objection to the Debtors' proposed allowed amounts of the 503(b)(9) Claims and December 2008 Stub Rent Claims as set forth in the Proposed Allowed Claim Notice,

including the date of the objection deadline and the mailing address where such objections must be sent; and

(c).   If a Potential Claimant or other party-in-interest (a) disputes any claim information contained in the Proposed Allowed Claim Notice or (b) wishes to assert a claim that is not reflected on the Proposed Allowed Claim Notice, such Potential Claimant or other interested party (the "Objecting Party") is encouraged to contact Debtors' counsel informally and attempt to resolve its claim or objection amicably, without the need to file a formal claim or objection, as provided in the following paragraph.

(d).   If an Objecting Party wishes to file a formal claim or objection, the Objecting Party must file its objection, together with documentation supporting its claim or objection with the Court (each a "Claim Objection") on or before January ___ 2010 (the "Objection Deadline") and serve a copy of such Claim Objection on counsel for the Debtors and the Committee so that it is received on or before the Objection Deadline. In any Claim Objection, the Objecting Party must state the grounds for its objection clearly and with particularity.

(e).   Counsel for the Debtors shall review all Claim Objections and supporting documentation timely submitted by an Objecting Party and consult with the Objecting Party in order to attempt to resolve any disputes regarding the Claim Objection. If counsel for the Debtors and the Objecting Party cannot agree on a resolution, then a hearing to resolve any Claim Objection shall take place before this Court on January ____, 2010 at _____ __.m.

(f).    The Debtors are authorized (with the consent of the Committee) to resolve any objections to the Debtors' proposed allowed amounts of the 503(b)(9) Claims or December 2008 Stub Rent Claims as set forth in any Proposed Allowed Claim Notice by agreement with the Potential Claimant without further order of the Court.

(g).    Any claim allowed pursuant to the foregoing Claims Resolution Procedures shall be deemed either an "<u>Allowed 503(b)(9) Claim</u>" or "<u>Allowed December 2008 Stub Rent Claim</u>." Holders of Allowed 503(b)(9) Claims shall be the sole beneficiaries of the 503(b)(9) Reserve and the funds held in the 503(b)(9) Reserve shall be distributed *pro rata* to the holders of Allowed 503(b)(9) Claims. Holders of Allowed December 2008 Stub Rent Claims shall be the sole beneficiaries of the December 2008 Stub Rent Reserve and the funds held in the December 2008 Stub Rent Reserve shall be distributed *pro rata* to the holders of Allowed December 2008 Stub Rent Claims.

(h).    Any Potential Claimant or other interested party that does not timely file a Claim Objection shall be barred from challenging the Debtors' proposed allowed amounts of the 503(b((9) Claims and December 2008 Stub Rent Claims as set forth in any Proposed Allowed Claim Notice.

9.    The requirements of Rule 3007 of the Federal Rules of Bankruptcy Procedure and Local Rule 3007-1, with regard to substantive claims objections and omnibus claims objections, are waived to the extent inconsistent with the Claims Resolution Process provided for in the foregoing paragraph.

10. The Debtors shall administer distributions from the 503(b)(9) Reserve and the December 2008 Stub Rent Reserve as follows:

    (a). The Debtors, in consultation with the Committee, shall make only a single distribution of the funds held in the 503(b)(9) Reserve and the December 2008 Stub Rent Reserve.

    (b). The Debtors, in consultation with the Committee, shall determine when a distribution of the funds held in the 503(b)(9) Reserve and the December 2008 Stub Rent Reserve shall be made.

    (c). Any distributed check(s) that have not been claimed and/or cashed within 90 days after distribution of the check(s) (the "Check Cashing Period") shall be deemed void and the distribution on account of such claims shall be deemed forfeited.

    (d). Any funds remaining in the 503(b)(9) Reserve or December 2008 Stub Rent Reserve remaining after the expiration of the Check Cashing Period shall be promptly remitted to the Prepetition Secured Lien Lenders.

11. From and after the date of this Order, none of the Debtors, nor the Committee, nor the Prentice Entities, nor any of the Debtors', Committee's or Prentice Entities' respective present or former directors, officers, employees, shareholders, partners, members, affiliated funds, attorneys, consultants, advisors and agents (in each case, acting in such capacities), shall have or incur any liability to any person for any act taken or omitted to be taken in good faith in connection with or related to the negotiation, formation, preparation, dissemination, implementation, confirmation or consummation of this Stipulation or this Order (other than an act in contravention of the Settlement Stipulation or this Order), or any contract, instrument,

release or agreement or document created or entered into, or any other act taken or omitted to be taken in good faith in connection with the Settlement Stipulation or this Order.

12.     After completion of the distribution contemplated herein, the funding of the Professional Fee Reserve and the payment of all then accrued quarterly U.S. Trustee fees, the Debtors shall file the Certification of Counsel and Request for Dismissal and proposed form of order (the "Dismissal Order") in substantially the form attached hereto as Exhibit B, providing for the dismissal of the Debtors' chapter 11 cases pursuant to section 1112(b) and 305(a) of the Bankruptcy Code.

13.     The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the implementation of this or any other Order of this Court entered in these chapter 11 cases.

14.     Notwithstanding entry of the Dismissal Order as provided for above, the Court will retain jurisdiction to consider and approve the final fee applications of the Debtors' and Committees' professionals, which applications shall be filed with the Court within 30 days after entry of the Dismissal Order. The Court shall conduct a hearing on such applications at the date and time set forth in the Dismissal Order.

15.     To the extent applicable, Bankruptcy Rules 6004(h) and 6006(d) are waived and this Order shall be effective and enforceable immediately upon entry.

Dated: _____
        Wilmington, Delaware


                                    _____
                                    Honorable Kevin J. Carey
                                    United States Bankruptcy Judge

**Exhibit B**
**(Settlement and Distribution Order)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X

In re:

KB TOYS, INC.
a Delaware corporation, et al.,

           Debtors.

Chapter 11

Case No.:  08-13269 (KJC)

Jointly Administered

------------------------------------------------------------X

**ORDER GRANTING JOINT MOTION OF THE DEBTORS AND THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 105(a),
305(a), 349 AND 1112(b) OF THE BANKRUPTCY CODE AND RULE 9019 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE, FOR ENTRY OF AN ORDER
(A) APPROVING A STIPULATION BETWEEN THE DEBTORS, THE COMMITTEE
AND THE PRENTICE ENTITIES, (B) APPROVING PROCEDURES FOR (I) THE
DISTRIBUTION OF CERTAIN FUNDS TO HOLDERS OF ALLOWED
ADMINISTRATIVE CLAIMS AND (II) THE DISMISSAL OF THE <u>DEBTORS'
CHAPTER 11 CASES, AND (C) GRANTING CERTAIN RELATED RELIEF</u>**

Upon the motion of KB Toys, Inc. and its affiliated debtors and debtors-in-possession in

the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>") and the Official Committee of

Unsecured Creditors (the "<u>Committee</u>"), pursuant to sections 105(a), 305(a), 349 and 1112(b) of

the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure, for the entry

of an order (a) authorizing the Debtors to enter into a stipulation with the Committee and the

Prentice Entities, (b) approving procedures for (i) the reconciliation resolution and allowance of

December 2008 Stub Rent Claims and 503(b)(9) Claims and the making of distributions to the

holders of such allowed claims and (ii) the dismissal of the Debtors' Chapter 11 cases; and (c)

granting certain related relief, dated November __, 2009 (the "<u>Joint Motion</u>")1 (Docket No. __);

---

1      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Joint Motion.

and this Court having reviewed the Joint Motion and having conducted a hearing on the Joint Motion, at which time the Debtors, the Committee and all parties-in-interest were given an opportunity to be heard; and it appearing that notice of the Joint Motion have been given to (a) the Office of the United States Trustee for the District of Delaware, (b) counsel to the Prepetition Lenders, (c) all creditors of the Debtors with timely filed or scheduled claims, and (d) parties that have requested service of papers pursuant to Bankruptcy Rule 2002; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (b) notice of the Joint Motion and the opportunity for a hearing thereon were adequate and sufficient under the particular circumstances and no other or further notice need be given, (c) the legal and factual bases set forth in the Joint Motion constitute just cause for the relief granted herein, and (d) the relief requested in the Joint Motion is in the best interests of the Debtors' estates and creditors; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED, ADJUDGED AND DECREED THAT:

1.      The Joint Motion is hereby GRANTED as set forth herein.

2.      The Settlement Stipulation is hereby APPROVED.   The failure to specifically include any particular provision of the Settlement Stipulation in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court to approve the Settlement Stipulation in its entirety.

3.      The Debtors and Committee are authorized to take all action and execute all documents that are reasonable required to implement and effectuate the terms of the Settlement Stipulation.

4.      The Distribution and Dismissal Procedures are hereby APPROVED.

5.    The Escrow Agent is authorized and directed to distribute the funds in the WTC Escrow Account pursuant to the Settlement Stipulation.

6.    The Debtors are hereby authorized and directed to transfer $650,000 out of the 503(b)(9) Reserve and deposit those funds into the December 2008 Stub Rent Reserve for distribution to holders of Allowed December 2008 Stub Rent Claims pursuant to the terms of this Order.

7.    The Debtors are authorized to distribute the funds held in the 503(b)(9) Reserve and the December 2008 Stub Rent Reserve pursuant to the terms of this Order.

8.    The Debtors shall identify the Allowed 503(b)(9) Claims and the Allowed December 2008 Stub Rent Claims pursuant to the following claims resolution process (the "Claims Resolution Process"):

      (a).    Within fifteen days after entry of this Order, the Debtors shall serve the Potential Claimants with a Proposed Allowed Claim Notice, substantially in the form annexed hereto as Exhibit A.

      (b).    The Proposed Distribution and Dismissal Notice shall:

- provide general case information, including the estimated amount of the anticipated distributions;

- include a separate schedule that will provide the Potential Claimant's claim information, including amount of the 503(b)(9) Claim or administrative claim for December 2008 Stub Rent as asserted by the Potential Claimant in its claim and the Debtors' proposed allowed amount of such Potential Claimant's 503(b)(9) Claim or December 2008 Stub Rent Claim to share in the pro rata distribution from the 503(b)(9) Reserve or December 2008 Stub Rent Reserve, respectively, together with a brief explanation for any variance from the amounts asserted by such Potential Claimants, and

- give instructions for filing an objection to the Debtors' proposed allowed amounts of the 503(b)(9) Claims and December 2008 Stub Rent Claims as set forth in the Proposed Allowed Claim Notice,

including the date of the objection deadline and the mailing address where such objections must be sent; and

(c).     If a Potential Claimant or other party-in-interest (a) disputes any claim information contained in the Proposed Allowed Claim Notice or (b) wishes to assert a claim that is not reflected on the Proposed Allowed Claim Notice, such Potential Claimant or other interested party (the "Objecting Party") is encouraged to contact Debtors' counsel informally and attempt to resolve its claim or objection amicably, without the need to file a formal claim or objection, as provided in the following paragraph.

(d).     If an Objecting Party wishes to file a formal claim or objection, the Objecting Party must file its objection, together with documentation supporting its claim or objection with the Court (each a "Claim Objection") on or before January ___ 2010 (the "Objection Deadline") and serve a copy of such Claim Objection on counsel for the Debtors and the Committee so that it is received on or before the Objection Deadline. In any Claim Objection, the Objecting Party must state the grounds for its objection clearly and with particularity.

(e).     Counsel for the Debtors shall review all Claim Objections and supporting documentation timely submitted by an Objecting Party and consult with the Objecting Party in order to attempt to resolve any disputes regarding the Claim Objection. If counsel for the Debtors and the Objecting Party cannot agree on a resolution, then a hearing to resolve any Claim Objection shall take place before this Court on January ____, 2010 at _____ __.m.

(f).    The Debtors are authorized (with the consent of the Committee) to resolve any objections to the Debtors' proposed allowed amounts of the 503(b)(9) Claims or December 2008 Stub Rent Claims as set forth in any Proposed Allowed Claim Notice by agreement with the Potential Claimant without further order of the Court.

(g).    Any claim allowed pursuant to the foregoing Claims Resolution Procedures shall be deemed either an "<u>Allowed 503(b)(9) Claim</u>" or "<u>Allowed December 2008 Stub Rent Claim</u>." Holders of Allowed 503(b)(9) Claims shall be the sole beneficiaries of the 503(b)(9) Reserve and the funds held in the 503(b)(9) Reserve shall be distributed *pro rata* to the holders of Allowed 503(b)(9) Claims. Holders of Allowed December 2008 Stub Rent Claims shall be the sole beneficiaries of the December 2008 Stub Rent Reserve and the funds held in the December 2008 Stub Rent Reserve shall be distributed *pro rata* to the holders of Allowed December 2008 Stub Rent Claims.

(h).    Any Potential Claimant or other interested party that does not timely file a Claim Objection shall be barred from challenging the Debtors' proposed allowed amounts of the 503(b((9) Claims and December 2008 Stub Rent Claims as set forth in any Proposed Allowed Claim Notice.

9.    The requirements of Rule 3007 of the Federal Rules of Bankruptcy Procedure and Local Rule 3007-1, with regard to substantive claims objections and omnibus claims objections, are waived to the extent inconsistent with the Claims Resolution Process provided for in the foregoing paragraph.

10.     The Debtors shall administer distributions from the 503(b)(9) Reserve and the December 2008 Stub Rent Reserve as follows:

(a).    The Debtors, in consultation with the Committee, shall make only a single distribution of the funds held in the 503(b)(9) Reserve and the December 2008 Stub Rent Reserve.

(b).    The Debtors, in consultation with the Committee, shall determine when a distribution of the funds held in the 503(b)(9) Reserve and the December 2008 Stub Rent Reserve shall be made.

(c).    Any distributed check(s) that have not been claimed and/or cashed within 90 days after distribution of the check(s) (the "Check Cashing Period") shall be deemed void and the distribution on account of such claims shall be deemed forfeited.

(d).    Any funds remaining in the 503(b)(9) Reserve or December 2008 Stub Rent Reserve remaining after the expiration of the Check Cashing Period shall be promptly remitted to the Prepetition Secured Lien Lenders.

11.     From and after the date of this Order, none of the Debtors, nor the Committee, nor the Prentice Entities, nor any of the Debtors', Committee's or Prentice Entities' respective present or former directors, officers, employees, shareholders, partners, members, affiliated funds, attorneys, consultants, advisors and agents (in each case, acting in such capacities), shall have or incur any liability to any person for any act taken or omitted to be taken in good faith in connection with or related to the negotiation, formation, preparation, dissemination, implementation, confirmation or consummation of this Stipulation or this Order (other than an act in contravention of the Settlement Stipulation or this Order), or any contract, instrument,

release or agreement or document created or entered into, or any other act taken or omitted to be taken in good faith in connection with the Settlement Stipulation or this Order.

12. After completion of the distribution contemplated herein, the funding of the Professional Fee Reserve and the payment of all then accrued quarterly U.S. Trustee fees, the Debtors shall file the Certification of Counsel and Request for Dismissal and proposed form of order (the "Dismissal Order") in substantially the form attached hereto as Exhibit B, providing for the dismissal of the Debtors' chapter 11 cases pursuant to section 1112(b) and 305(a) of the Bankruptcy Code.

13. The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the implementation of this or any other Order of this Court entered in these chapter 11 cases.

14. Notwithstanding entry of the Dismissal Order as provided for above, the Court will retain jurisdiction to consider and approve the final fee applications of the Debtors' and Committees' professionals, which applications shall be filed with the Court within 30 days after entry of the Dismissal Order. The Court shall conduct a hearing on such applications at the date and time set forth in the Dismissal Order.

15. To the extent applicable, Bankruptcy Rules 6004(h) and 6006(d) are waived and this Order shall be effective and enforceable immediately upon entry.

Dated: _____
        Wilmington, Delaware

                                        _____
                                        Honorable Kevin J. Carey
                                        United States Bankruptcy Judge

**Exhibit C**
**(Proposed Allowed Claim Notice)**
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- X

In re:

KB TOYS, INC.
a Delaware corporation, et al.,

                       Debtors.

Chapter 11

Case No.: 08-13269 (KJC)

Jointly Administered

---------------------------------------------------------------------- X

### NOTICE OF PROPOSED ALLOWED 503(b)(9) CLAIMS AND ALLOWED DECEMBER 2008 STUB RENT CLAIMS TO SHARE IN AUTHORIZED DISTRIBUTION

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

    1. On December 11, 2008 (the "Petition Date"), KB Toys, Inc. and its affiliated debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors continue to manage their businesses and properties as debtors-in-possession. No trustee or examiner has been appointed in these cases. On December 17, 2008, the Official Committee of Unsecured Creditors (the "Committee") was appointed in these cases by the Office of the United States Trustee for the District of Delaware.

    2. The Debtors have ceased retail operations and are in the process of winding down their affairs. The proceeds of the sales of the Debtors' assets were insufficient to satisfy all of the Debtors' obligations to their secured creditors. As a result of negotiations and settlements reached between the Debtors, the Committee and the Debtors' prepetition junior secured lenders (the "Prepetition Second Lien Lenders") and their affiliates (collectively with the Prepetition Secured Lien Lenders, the "Prentice Entities"), certain funds have been made available to the Debtors to make partial payments to holders of Allowed 503(b)(9) Claims and Allowed December 2008 Stub Rent Claims. Based on the amount of funds made available and the allocations previously authorized by the Bankruptcy Court pursuant to the Approval Order (defined below), the Debtors anticipate making distributions of (i) approximately $1,350,000 pro rata to holders of allowed 503(b)(9) Claims (resulting in an estimated distribution of approximately 57% of the allowed amount of such claims), and (ii) approximately $1,550,000 pro rata to holders of allowed December 2008 Stub Rent Claims (resulting in an estimated distribution of approximately 75% of the allowed amount of such claims).[1]

    3. On December ____ 2009, the Bankruptcy Court entered an order (Docket No. __) (the "Approval Order") that, among other things, (a) approved a settlement stipulation by and among the Debtors, the Committee and the Prentice Entities, (b) approved procedures governing the reconciliation, resolution and allowance of all 503(b)(9) Claims and December 2008 Stub Rent Claims, (c) authorized certain allocated distributions to holders of allowed 503(b)(9) Claims and allowed December 2008 Stub Rent Claims, and (d) authorized the dismissal of the Debtors' chapter 11 cases after the making of distributions and upon the filing of a Certification of Counsel and Request for Dismissal by the Debtors and the Committee. You are receiving this Notice pursuant to the Approval Order.

---

1 The estimated recoveries are based upon the Debtors' and Committees' estimate of the total Allowed amounts of 503(b)(9) Claims and administrative claims for December 2008 Stub Rent at the conclusion of the Claims Resolution Process (as defined herein). To the extent the total amount of Allowed 503(b)(9) Claims and/or Allowed December 2008 Stub Rent Claims is greater than the amounts currently estimated by the Debtors, the percentage distribution made to the holders of such claims will be less than these estimates.

4. The 503(b)(9) Claim or administrative claim for December 2008 Stub Rent Claim that you have asserted against the Debtors (as applicable, your "Claim") is identified on the attached schedule (the "Schedule"), which reflects the amount of your Claim as filed with the Bankruptcy Court or as previously allowed by order of the Court.2 The Schedule also sets forth the Debtors' proposed allowed amount of your 503(b)(9) Claim or December 2008 Stub Rent Claim entitled to share in the 503(b)(9) Reserve or December 2008 Stub Rent Reserve, per the Debtors' records (the "Proposed Allowed Claim Amount").

5. If you agree with the Proposed Allowed Claim Amount shown on the Schedule then you should NOT respond to this Notice.

6. If, however, you disagree with the Proposed Allowed Claim Amount shown on the Schedule, then you should contact the Debtors' counsel informally and attempt to resolve your Claim or objection amicably, without the need to file a claim or formal objection formally, as provided in the following paragraph.

7. **If you wish to file a formal objection (a "Claim Objection"), you must submit a written response and supporting documentation to the Court on or before JANUARY ___, 2010 at 4:00 p.m. (the "Objection Deadline") and serve a copy of such Claim Objection so as to be received on or before the Objection Deadline by: (i) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19801, Attn: Joel A. Waite, Esquire; (ii) counsel to the Committee, Cooley Godward Kronish LLP, 1114 Avenue of the Americas, New York, New York 10036, Attn: Cathy Hershcopf, Esq. and Seth Van Aalten, Esq.; and Ashby & Geddes, P.A., 500 Delaware Avenue, 8th Floor, Wilmington, DE 19801-1246, Attn: Gregory Taylor, Esquire, and (iii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lock Box 35, Wilmington, DE 19801, Attn: Richard L. Schepacarter, Esquire.**

8. **A HEARING TO CONSIDER ANY UNRESOLVED CLAIMS OBJECTIONS WILL BE HELD ON JANUARY ___, 2009 AT _____ ___M., PREVAILING EASTERN TIME, BEFORE THE HONORABLE KEVIN J. CAREY AT 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 5, WILMINGTON, DELAWARE 19801.**

9. If you do not respond to this Notice on or before the Objection Deadline, then the Proposed Allowed Claim Amount **(which amount may be $0)** will be allowed and any remaining disputed portion of your Claim will not be entitled to share in the 503(b)(9) Reserve or December 2008 Stub Rent Reserve.

10. After all Claim Objections have been resolved (either consensually or by order of the Court), the Debtors' will make a single distribution on account of the Allowed 503(b)(9) Claims and Allowed December 2008 Stub Rent Claims in accordance with the Approval Order.3

YOUNG, CONAWAY STARGATT & TAYLOR, LLP

_____
Joel A. Waite (No. 2925)
Matthew B. Lunn (No. 4119)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors-in-Possession

---

2 To the extent that the claim(s) you filed against the Debtors assert amounts other than an administrative claim under Section 503(b)(9) or for December 2008 Stub Rent, that portion of your filed claim(s) is not being addressed by this Notice.

3 You may obtain a copy of the Approval Order by contacting Debtors' counsel.

**Exhibit D**
**(Certification of Counsel and Request for Dismissal)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| KB TOYS, INC. | Case No.: 08-13269 (KJC) |
| a Delaware corporation, <u>et al.</u>, | |
| Debtors. | Jointly Administered |

--------------------------------------------------------------X

### CERTIFICATION OF COUNSEL AND REQUEST FOR ENTRY OF AN ORDER DISMISSING CHAPTER 11 CASES

Pursuant to that *Order Granting Joint Motion of the Debtors and the Official Committee of Unsecured Creditors, Pursuant to Sections 105(a), 305(a), 349 and 1112(b) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure, For Entry of an Order (A) Approving a Stipulation Between the Debtors, the Committee and the Prentice Entities, (B) Approving Procedures for (I) the Distribution of Certain Funds to Holders of Allowed Administrative Claims and (II) the Dismissal of the Debtors' Chapter 11 Cases, and (C) Granting Certain Related Relief*, entered _____, 2009 (Docket No. __) (the "<u>Approval Order</u>"), KB Toys, Inc. and its affiliated debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>") and the Official Committee of Unsecured Creditors (the "<u>Committee</u>"), hereby submit the following Certification of Counsel and Request for Dismissal:1

---

1        Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Approval Order.

1. On December 11, 2008, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors continue to manage their businesses and properties as debtors-in-possession. No trustee or examiner has been appointed in these cases. On December 17, 2008, the Committee was appointed in these cases by the Office of the United States Trustee for the District of Delaware.

2. The Approval Order, among other things, (a) approved a settlement stipulation by and among the Debtors, the Committee and the Prentice Entities, (b) approved procedures governing the reconciliation, resolution and allowance of 503(b)(9) Claims and December 2008 Stub Rent Claims, (c) authorized certain distributions to holders of Allowed 503(b)(9) Claims and Allowed December 2008 Stub Rent Claims, and (d) authorized the dismissal of the Debtors' chapter 11 cases after the making of distributions and upon the filing of a Certification of Counsel and Request for Dismissal by the Debtors and the Committee.

3. Upon completion of the Claims Resolution Process, the 503(b)(9) Reserve consisted of approximately $_____ in cash and the December 2008 Stub Rent Reserve consisted of approximately $_____ in cash. Through the Claims Resolution Process, all disputes regarding the allowed amounts of 503(b)(9) Claims and December 2008 Stub Rent Claims were resolved. 503(b)(9) Claims totaling $____ and December 2008 Stub Rent Claims totaling $____ were allowed against the Debtors' estates.

4. Accordingly, on _____, 2009, the Debtors made distributions to holders of Allowed 503(b)(9) Claims and Allowed December 2008 Stub Rent Claims pursuant to the terms of the Approval Order (the "Distribution"). The Distribution (a) consisted of the funds held in the 503(b)(9) Reserve and the December 2008 Stub Rent Reserve and (b) was made to the

holders of Allowed 503(b)(9) Claims and Allowed December 2008 Stub Rent Claims in the amounts set forth on attached **Schedule A**.

5.    Pursuant to the Approval Order, funds remaining in the 503(b)(9) Reserve and/or the December 2008 Stub Rent Reserve after the expiration of the Check Cashing Period will be paid to the Prepetition Second Lien Lender.

6.    The Professional Fee Escrows have been funded as provided for in Paragraph 7 of the Settlement Stipulation.

7.    To the best of Debtors' knowledge, all United States Trustee quarterly fees accrued through the date hereof have been paid.

8. Pursuant to the terms of the Approval Order, the Debtors and the Committee hereby request entry of an Order substantially in the form attached hereto dismissing the Debtors' chapter 11 cases.

Dated: _____, 2009
Wilmington, Delaware


YOUNG, CONAWAY STARGATT & TAYLOR, LLP

_____
Joel A. Waite (No. 2925)
Matthew B. Lunn (No. 4119)
Margaret B. Whiteman (No. 4652)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253


-and-


WILMER CUTLER PICKERING HALE AND DOOR LLP
Mitchel Appelbaum (BBO #558579)
60 State Street
Boston, MA 02109


*Counsel for Debtors and Debtors-in-Possession*

ASHBY & GEDDES, P.A.

_____
William P. Bowden (I.D. No. 2553)
Gregory Taylor (I.D. No. 4008)
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801-1246
Telephone: (302) 654-1888
Facsimile: (302) 654-2067


-and-


COOLEY GODWARD KRONISH LLP
Jay R. Indyke (JI 0353)
Cathy Hershcopf (CH 5875)
Seth Van Aalten (SV 2663)
1114 Avenue of the Americas
New York, New York 01136
Telephone: (212) 479-6000
Facsimile: (212) 479-6275


*Counsel For The Official Committee Of Unsecured Creditors*

**Exhibit E**
**(Dismissal Order)**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X

In re:                                              Chapter 11

KB TOYS, INC.                                       Case No.: 08-13269 (KJC)
a Delaware corporation, et al.,
                                                    Jointly Administered
                        Debtors.

-----------------------------------------------------------X

## ORDER DISMISSING CHAPTER 11 CASES

Pursuant to (i) that *Joint Motion of the Debtors and the Official Committee of Unsecured Creditors, Pursuant to Sections 105(a), 305(a), 349 and 1112(b) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure (A) Approving a Stipulation Between the Debtors, the Committee and the Prentice Entities, (B) Approving Procedures for (I) the Distribution of Certain Funds to Holders of Allowed Administrative Claims and (II) the Dismissal of the Debtors' Chapter 11 Cases, and (C) Granting Certain Related Relief,* filed on _____, 2009 (Docket No. __), (ii) that Order granting the Joint Motion, entered on _____, 2009 (Docket No. ___), and (iii) that *Certification of Counsel and Request for Entry of an Order Dismissing Chapter 11 Cases,* filed on _____, 2009 (Docket No. __), it is

ORDERED, ADJUDGED AND DECREED THAT:

1.      Pursuant to section 1112(b) and 305(a) of the Bankruptcy Code, the Debtors' chapter 11 cases are hereby dismissed.

2.      Notwithstanding section 349 of the Bankruptcy Code, all orders of the Court entered in these chapter 11 cases shall survive the dismissal of these chapter 11 cases.

3. The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the implementation of any order of this Court entered in these chapter 11 cases.

4. Notwithstanding dismissal of these cases, the Court shall retain jurisdiction to rule on the allowance of the interim and final compensation for professionals retained in these chapter 11 cases.

5. All professionals retained by the Debtors and Committees shall file their final fee application within thirty (30) days of the date hereof. The Court will conduct a hearing to consider such applications on _____, 2010 at _____ ___.m.

Dated: _____
     Wilmington, Delaware

 

_____
Honorable Kevin J. Carey
United States Bankruptcy Judge