Nov. 2009

To whom it may concern.

Not sure what all this say + means - I only

received this notice. All I know is

I am out about $100. I sent ~~book~~ K-Bee +

when filing this, all the gift cards -- I had paid 1st

to mail to KBee as told I would get

my money back or else I would

have bought merchandise that day --

while in mail the policy changed +

I am out merch. + my money.

Not fair

Gena Hartmann
3000 old Yorktown Rd.
Yorktown Hghts N.Y.
(unhappy customer)        10598

+ Incurred
add. expenses in
all of this!        Thank you !!

Sorry so sloppy
But I have
no more time
to waste
only to
get nothing

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------x

In re:                                                Chapter 11

KB TOYS, INC.                                         Case No.: 08-13269 (KJC)
a Delaware corporation, et al.,
                                                      Jointly Administered
                         Debtors.
                                                      **Hearing Date: 12/1/09 @ 1:00 p.m.**
                                                      **Objection Deadline: 11/24/09 @ 4:00 p.m.**

------------------------------------------------------------------x

NOTICE OF JOINT MOTION OF ~~THE DEBTORS AND THE OFFICIAL COMMITTEE OF~~ UNSECURED
CREDITORS, PURSUANT TO SECTIONS 105(a), 305(a), 349 AND 1112(b) OF THE BANKRUPTCY CODE
AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, FOR ENTRY OF AN ORDER
(A) APPROVING A STIPULATION BETWEEN THE DEBTORS, THE COMMITTEE AND PRENTICE
ENTITIES, (B) APPROVING PROCEDURES FOR (I) THE DISTRIBUTION OF CERTAIN FUNDS TO
HOLDERS OF ALLOWED ADMINISTRATIVE CLAIMS AND (II) THE DISMISSAL OF THE
DEBTORS' CHAPTER 11 CASES, AND (C) GRANTING CERTAIN RELATED RELIEF

TO:     (a) the United States Trustee for the District of Delaware, (b) counsel to the Prepetition Lenders, (c) all
        known creditors, and (d) parties that have requested service of papers pursuant to Bankruptcy Rule 2002.

        **PLEASE TAKE NOTICE** that KB Toys, Inc. and its affiliated debtors and debtors-in-possession
in the above-captioned chapter 11 cases (collectively, the "Debtors") and the Official Committee of Unsecured
Creditors (the "Committee") filed the *Joint Motion of the Debtors and the Official Committee of Unsecured
Creditors, Pursuant to Sections 105(a), 305(a), 349 and 1112(b) of the Bankruptcy Code and Rule 9019 of the
Federal Rules of Bankruptcy Procedure (A) Approving a Stipulation Between the Debtors, the Committee and the
Prentice Entities, (B) Approving Procedures for (I) the Distribution of Certain Funds to Holders of Allowed
Administrative Claims and (II) the Dismissal of the Debtors' Chapter 11 Cases, and (C) Granting Certain Related
Relief* (the "Joint Motion")1, with the United States Bankruptcy Court for the District of Delaware, 824 Market
Street, 3rd Floor, Wilmington, Delaware 19801 (the "Bankruptcy Court").

        **PLEASE TAKE FURTHER NOTICE** that, by the Joint Motion, the Debtors and the Committee
seek approval of the Settlement with the Prentice Entities that will resolve litigation commenced by the Committee
against the Prentice Entities. As a result of the Settlement, relief previously granted by the Bankruptcy Court in
these chapter 11 cases and other relief requested in the Joint Motion, certain funds will be made available to the
Debtors to pay holders of Allowed December 2008 Stub Rent Claims and Allowed 503(b)(9) Claims. Subject to
approval by the Bankruptcy Court, the Debtors propose to distribute (i) approximately $1,350,000 pro rata to holders
of Allowed 503(b)(9) Claims (resulting in an estimated distribution of approximately 57% of the allowed amount of

---

1       Capitalized terms used but not defined herein shall have the meanings ascribed to them in the
accompanying Joint Motion.

such claims), and (ii) approximately $1,550,000 pro rata to holders of Allowed December 2008 Stub Rent Claims (resulting in an estimated distribution of approximately 75% of the allowed amount of such claims).[2]

  **PLEASE TAKE FURTHER NOTICE** that, by the Joint Motion, the Debtors and the Committee seek the entry of an order that, among other things, approves procedures governing the reconciliation, resolution and allowance of all 503(b)(9) Claims and December 2008 Stub Rent Claims asserted against the Debtors' estates (the "Claims Resolution Process"), according to which the Debtors shall serve all persons and entities that (i) have previously timely filed administrative claims against the Debtors (in accordance with the procedures set forth in the Claims Bar Date Order) under section 503(b)(9) of the Bankruptcy Code or for the payment of December 2008 Stub Rent, or (ii) hold 503(b)(9) Claims or December 2008 Stub Rent Claims allowed pursuant to separate order of the Court (collectively, the "Potential Claimants"), with a notice, substantially in the form annexed to the Joint Motion as Exhibit C (the "Proposed Allowed Claim Notice"), within fifteen (15) days after entry of the Approval Order. The Proposed Allowed Claim Notice will, among other things:

- provide general case information, including the estimated amount of the anticipated distributions;

- include a separate schedule that will provide the Potential Claimant's claim information, including amount of the 503(b)(9) Claim or administrative claim for December 2008 Stub Rent as asserted by the Potential Claimant in its claim and the Debtors' proposed allowed amount of such Potential Claimant's 503(b)(9) Claim or December 2008 Stub Rent Claim to share in the pro rata distribution from the 503(b)(9) Reserve or December 2008 Stub Rent Reserve, respectively, together with a brief explanation for any variance from the amounts asserted by such Potential Claimants, and

- give instructions for filing an objection to the Debtors' proposed allowed amounts of the 503(b)(9) Claims and December 2008 Stub Rent Claims as set forth in the Proposed Allowed Claim Notice, including the date of the objection deadline and the mailing address where such objections must be sent; and

  **PLEASE TAKE FURTHER NOTICE** that, according to the proposed Claims Resolution Process, if a Potential Claimant or other interested party (a) disputes any claim information contained in the Proposed Allowed Claim Notice or (b) wishes to assert a claim that is not reflected on the Proposed Allowed Claim Notice, such Potential Claimant or other interested party (the "Objecting Party") shall be encouraged to contact Debtors' counsel informally and attempt to resolve its claim or objection amicably, without the need to file a formal claim or objection, as provided in the following paragraph.

  **PLEASE TAKE FURTHER NOTICE** that according to the proposed Claims Resolution Process, if an Objecting Party wishes to file a formal claim or objection, the Objecting Party must file such objection with the Court, together with documentation supporting its claim or objection (each a "Claim Objection") on or before the deadline to be set forth in the Proposed Allowed Claim Notice (the "Objection Deadline") and service such Claim Objection on counsel for the Debtors and the Committee so as to be received by the Objection Deadline. In any Claim Objection, the Objecting Party must state the grounds for its objection clearly and with particularity.

---

2 The estimated recoveries are based upon the Debtors' and Committees' estimate of the total Allowed amounts of 503(b)(9) Claims and administrative claims for December 2008 Stub Rent at the conclusion of the Claims Resolution Process (as defined herein). To the extent the total amount of Allowed 503(b)(9) claims and/or Allowed December 2008 Stub Rent Claims is greater than the amounts currently estimated by the Debtors, the percentage distribution made to the holders of such claims will be less than these estimates.

**PLEASE TAKE FURTHER NOTICE** that according to the proposed Claims Resolution Process, counsel for the Debtors will review all Claim Objections and supporting documentation timely submitted by an Objecting Party and consult with the Objecting Party in order to attempt to resolve any disputes regarding the Claim Objection. If counsel for the Debtors and the Objecting Party cannot agree on a resolution, then a hearing for final determination by the Court, shall take place at a date and time to be set forth in the Proposed Allowed Claim Notice. Any claim allowed pursuant to the foregoing Claims Resolution Process shall be deemed either an "Allowed 503(b)(9) Claim" or "Allowed December 2008 Stub Rent Claim." Additionally, the Debtors seek a determination from the Court that any Potential Claimant or other interested party that does not timely file a Claim Objection be barred from challenging the proposed allowed amounts of the 503(b)(9) claims and December 2008 Stub Rent Claims as set forth in any Proposed Allowed Claim Notice.

**PLEASE TAKE FURTHER NOTICE** that upon completion of the proposed Claims Resolution Process, the Debtors propose to make the distributions to holders of Allowed 503(b)(9) Claims and Allowed December 2008 Stub Rent Claims from the funds held in the 503(b)(9) Reserve and December 2008 Stub Rent Reserve, respectively. For administrative convenience and to conserve expense, the Debtors and Committee propose making only a single distribution and request that any distributed check(s) that have not been claimed and/or cashed within 90 days after distribution of the check(s) (the "Check Cashing Period") be deemed void and the distribution on account of such claims shall be deemed forfeited. Furthermore, the Debtors request that any funds remaining in the 503(b)(9) Reserve or December 2008 Stub Rent Reserve after the expiration of the Check Cashing Period be remitted to the Prepetition Secured Lien Lenders.

**PLEASE TAKE FURTHER NOTICE** that after all funds have been distributed, the Debtors request the dismissal of the Debtors' chapter 11 cases upon the filing of a certification of counsel and request for entry of a dismissal order substantially in the form annexed to the Joint Motion as Exhibit D (the "Certification of Counsel and Request for Dismissal"). The Certification of Counsel and Request for Dismissal, among other things, will (a) verify that all Claim Objections have been resolved, (b) identify the holders, claim amounts and distribution amounts for all Allowed 503(b)(9) Claims and Allowed December 2008 Stub Rent Claims, (d) confirm that the Professional Fee Escrows have been funded and (e) confirm that all accrued UST Fees have been paid.

**PLEASE TAKE FURTHER NOTICE** that the settlement provides that, from and after the date of entry of the Approval Order, none of the Debtors, nor the Committee, nor the Prentice Entities, nor any of the Debtors', Committee's or Prentice Entities' respective present or former directors, officers, employees, shareholders, partners, members, affiliated funds, attorneys, consultants, advisors and agents (in each case, acting in such capacities), shall have or incur any liability to any person for any act taken or omitted to be taken in good faith in connection with or related to the negotiation, formation, preparation, dissemination, implementation, confirmation or consummation of the Settlement Stipulation or the Approval Order (other than an act in contravention of the Settlement Stipulation or the Approval Order), or any contract, instrument, release or agreement or document created or entered into, or any other act taken or omitted to be taken in good faith in connection with the Settlement Stipulation or the Approval Order.

**PLEASE TAKE FURTHER NOTICE** that any response or objection to the relief sought in the Joint Motion must be filed with the Bankruptcy Court on or before **November 24, 2009 at 4:00 p.m. prevailing Eastern time** (the "**Objection Deadline**").

and Seth Van Aalten, Esq.; and Ashby & Geddes, P.A., 500 Delaware Avenue, 8th Floor, Wilmington, DE 19801-1246, Attn: Gregory Taylor, Esquire, (iii) counsel to the Prepetition Second Lien Agent, Lawrence Gelber, Esquire, Schulte Roth & Zabel, LLP, 919 Third Avenue, New York, 10022 and Adam Landis, Esquire, Landis Rath & Cobb, LLP, 919 Market Street, Suite 1800, P.O. Box 2087, Wilmington, DE 19899; and (iv) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lock Box 35, Wilmington, DE 19801, Attn: Richard L. Schepacarter, Esquire.

PLEASE TAKE FURTHER NOTICE THAT A HEARING TO CONSIDER THE RELIEF SOUGHT IN THE JOINT MOTION WILL BE HELD ON December 1, 2009 AT 1:00 P.M. PREVAILING EASTERN TIME BEFORE THE HONORABLE KEVIN J. CAREY AT 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 5, WILMINGTON, DELAWARE 19801.

PLEASE TAKE FURTHER NOTICE that if you received this Notice without a copy of the Joint Motion and wish to obtain a copy of the Joint Motion, you can do so by contacting Debtors' counsel, Young Conaway, Stargatt & Taylor, LLP, 100 West Street, 17th Floor, Wilmington, Delaware 19801, Attn: Joel A. Waite, Esquire (jwaite@ycst.com) or Matthew Lunn, Esquire (mlunn@ycst.com).

Dated: November 9, 2009
Wilmington, Delaware

YOUNG, CONAWAY STARGATT & TAYLOR, LLP

Joel A. Waite (No. 2925)
Matthew B. Lunn (No. 4119)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

WILMER CUTLER PICKERING HALE AND DOOR LLP
Mitchel Appelbaum (BBO #558579)
60 State Street
Boston, MA 02109

*Counsel for Debtors and
Debtors-in-Possession*

ASHBY & GEDDES, P.A.

William P. Bowden (I.D. No. 2553)
Gregory Taylor (I.D. No. 4008)
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801-1246
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

-and-

COOLEY GODWARD KRONISH LLP
Jay R. Indyke (JI 0353)
Cathy Hershcopf (CH 5875)
Seth Van Aalten (SV 2663)
1114 Avenue of the Americas
New York, New York 01136
Telephone: (212) 479-6000
Facsimile: (212) 479-6275

*Counsel For The Official Committee Of Unsecured
Creditors*

DB02:8873653.6                                                                067890.1001